# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ROBIN MULLINS, DEPENDENT OF EVERETTE D. MULLINS (DECEASED),**
**Claimant Below, Petitioner**

**v.) No. 23-ICA-574**        (JCN: 2000034484)

**MAPLE MEADOW MINING COMPANY,**
**Employer Below, Respondent**

**and**

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER IN ITS CAPACITY AS ADMINISTRATOR OF THE OLD FUND,**
**Respondent**

**FILED**
**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robin Mullins, Dependent of Everette D. Mullins (Deceased), appeals the December 12, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Offices of the Insurance Commissioner in its capacity as administrator of the Old Fund ("Old Fund") filed a response.[1] Ms. Mullins did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claimant's application for fatal dependents' benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mullins died on October 7, 2020. The death certificate listed his cause of death as coronary artery disease due to or as a consequence of chronic obstructive pulmonary disease ("COPD") and sepsis. Ms. Mullins filed an application for fatal dependents' benefits dated November 19, 2020. On March 19, 2021, the claim administrator issued an order holding the claim compensable on a non-medical basis. Medical records indicate that, since the 1990s, Mr. Mullins suffered from an acute inferior wall myocardial infarction,

---

[1] Ms. Mullins is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Old Fund is represented by Sean Harter, Esq. Maple Meadow Mining Company did not appear.

1

arteriosclerotic cardiovascular disease, COPD, coronary artery disease, unstable angina pectoris, hypertension, obesity, hyperlipidemia, and diabetes mellitus.

Mr. Mullins was granted a total of 20% in PPD awards prior to his death. In 1988, in claim number 870049695, Mr. Mullins was granted a 5% PPD award based on findings from the Occupational Pneumoconiosis Board ("OP Board") indicating that there was sufficient evidence to justify a diagnosis of occupational pneumoconiosis ("OP") with no pulmonary functional impairment attributable to the disease. In 1997, in claim number 940059822, the OP Board found that Mr. Mullins had 10% pulmonary functional impairment attributable to OP, and he was granted an additional 5% PPD award for a total of 10%. On December 6, 2002, the Office of Judges issued a decision in claim number 2000034484, which reversed the claim administrator's order of July 16, 2000, and granted an additional 10% PPD award for a total of 20% based on the OP Board's findings.

The OP Board noted in its findings dated August 3, 2021, that Mr. Mullins had received 20% in PPD awards in his living claims. However, the OP Board found that OP was not a material contributing factor to Mr. Mullins' death. On October 29, 2021, the claim administrator issued an order denying Ms. Mullins' application for fatal dependents' benefits.

On September 20, 2023, the OP Board members testified regarding their findings. John Willis, M.D., a radiologist, testified that the early x-rays showed minimal fibrosis, which he opined was related to Mr. Mullins' emphysema from smoking. Dr. Willis further testified that he did not find any radiographic evidence of OP. Jack Kinder, M.D., chairman of the OP Board, testified that Mr. Mullins' death certificate listed coronary artery disease due to or as a consequence of COPD and sepsis, and that after a review of the imaging and medical records, the Board did not believe OP played a material role in Mr. Mullins' death. Dr. Kinder further testified that Mr. Mullins had multiple hospitalizations that were probably related to his smoking, angioplasty of the heart, and bypass surgery, and that he seemed to have a neurological event following the bypass surgery. Dr. Kinder opined that Mr. Mullins' coronary artery disease was not related to his dust exposure, and even presuming Mr. Mullins had simple pneumoconiosis, it would not have materially contributed to his demise that was due to the tragic event during bypass surgery.

On December 12, 2023, the Board affirmed the claim administrator's order, which rejected the claimant's application for fatal dependents' benefits. The Board found that OP did not materially contribute to Mr. Mullins' death based on the findings of the OP Board. Ms. Mullins now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Ms. Mullins argues that the OP Board was clearly wrong in finding that Mr. Mullins' smoking, heart issues, and neurological event were the primary cause of his death. Ms. Mullins further argues that all of Mr. Mullins' medical issues could have been caused by his OP. Ms. Mullins also argues that the Board was clearly wrong in overlooking Mr. Mullins' substantial work history which meets the presumption of West Virginia Code § 23-4-8c(b) (2009).[2] Finally, Ms. Mullins argues that it is unreasonable and against the substantial evidence of record to conclude that Mr. Mullins did not have OP, and that it was not a material contributing factor to his death. We disagree.

The Supreme Court of Appeals of West Virginia held in Syllabus Point 3 of *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991), that "the appropriate test under W.Va. Code 23-4-10(b) (1978) is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the injury or disease contributed in any material degree to the death." In *Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000), the Supreme Court of Appeals of West

---

[2] West Virginia Code § 23-4-8c(b) provides:

If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant or deceased employee has sustained a chronic respiratory disability, it shall be presumed that the claimant is suffering or the deceased employee was suffering at the time of his or her death from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

Virginia held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong.

Here, the Board determined that the OP Board was not clearly wrong. The Board noted that Mr. Mullins had significant non-work-related health issues and that the medical evidence indicates that he died from complications following bypass surgery. The Board further noted that the OP Board determined, through more recent CAT scans, that Mr. Mullins did not have OP. Ultimately, the Board found that OP did not materially contribute to Mr. Mullins' death.

Upon review, we conclude that the Board was not clearly wrong in finding that OP did not materially contribute to Mr. Mullins' death based on the findings of the OP Board. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order denying Ms. Mullins' application for fatal dependents' benefits.

Further, contrary to Ms. Mullins' assertion that the Board overlooked Mr. Mullins' entitlement to the rebuttable presumption under West Virginia Code § 23-4-8c(b), the Board noted and considered the presumption and the evidence submitted in rebuttal. We find that the Board was not clearly wrong in determining that the presumption had been rebutted based on the medical evidence.

Accordingly, we affirm the Board's December 12, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4